IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| REGINALD DENT | : | CONSOLIDATED |
| | : | MDL 875 |
| v. | : | |
| | : | EDPA CIVIL ACTION |
| WESTINGHOUSE, et al. | : | NO: 08-83111 |

**MEMORANDUM AND ORDER**

ELIZABETH T. HEY
UNITED STATES MAGISTRATE JUDGE                                              January 4, 2010

      Warren Pumps, a defendant in this asbestos action, has filed a motion to compel Plaintiff to respond to certain interrogatories and requests for production of documents. Specifically Warren Pumps seeks information regarding the settlement of any claim asserted in Plaintiff's complaint.[1] The thrust of Warren Pumps' argument is that "the discovery of each additional asbestos-containing product which Mr. Dent claims caused his mesothelioma makes it that much less likely that his mesothelioma was caused by exposure to any Warren Pump, and makes Plaintiff's assertions to the contrary less and less credible." Resp. at 3. Plaintiff responds that Warren Pumps has failed to make a particularized showing that disclosure of any settlement information will lead to the discovery of admissible evidence.

      A request for settlement information lies at the crossroads of Federal Rule of Civil Procedure 26 and Federal Rule of Evidence 408. Rule 26 governs discovery and states that parties "may obtain discovery regarding any matter not privileged, which is

---

[1] Plaintiff sued a total of ten defendants in this action, seven of which have been dismissed. Def.'s Br. at 2-3.

relevant to the claim or defense of any party . . . ." Fed. R. Civ. P. 26(b)(1). "[R]elevant information need not be admissible at trial if the discovery appears to be reasonably calculated to lead to . . . admissible evidence." Id. Rule 26 is subject to liberal construction and favors the discovery of relevant information. In contrast, information regarding settlements and negotiation is inadmissible if offered to prove liability for, invalidity of, or amount of a claim pursuant to Federal Rule of Evidence 408. As explained by several courts, Rule 408 recognizes the strong public policy promoting settlement. See Dutton v. Todd Shipyards Corp., No. 09-62916, 2009 U.S. Dist. LEXIS 107936, at *2-3 (E.D. Pa. Nov. 17, 2009) (Rueter, C.M.J.); Block Drug Co. v. Sedona Labs., Inc., No. 06-350, 2007 WL 1183828, at *1 (D. Del. Apr. 19, 2007); Fidelity Fed. Sav. & Loan Assn. v. Felicetti, 148 F.R.D. 532, 534 (E.D. Pa. 1993) (Joyner, J.).

Warren Pumps argues that Rule 408 pertains to the admissibility of evidence, and is inapplicable to this discovery dispute. See Def.'s Br. at 4 (citing DirecTV, Inc. v. Puccinelli, 224 F.R.D. 677, 685 (D. Kan. 2004)). Although Rule 408 speaks in terms of admissibility, the judges of this circuit have concluded that a heightened showing is required for the discovery of settlement information. "Courts in this circuit and others, to effectuate the goals of both rules, have required a more 'particularized showing' that the evidence [of settlement] sought is relevant and calculated to lead to the discovery of admissible evidence." Block Drug, 2007 WL 1183828, at *1 (citing Lesal Interiors, Inc. v. Resolution Trust Corp., 153 F.R.D. 561, 562

2

(D.N.J. 1994)); see Felicetti, 148 F.R.D. at 534. I join the judges of this circuit and will require Warren Pumps to make a particularized showing that the evidence related to settlement is relevant and calculated to lead to the discovery of admissible evidence. This is sound logic. To do otherwise would retard the settlement-promoting purpose of Rule 408.

Warren Pumps also argues that it is not seeking the information for any purpose prohibited by Rule 408, which bars the use of settlement information "to prove liability for, invalidity of, or amount of a claim . . . ." F.R.E. 408(a). Among other purposes, Rule 408 specifically permits settlement evidence to show a witness's bias or prejudice. F.R.E. 408(b). Such was the case in the limited discovery permitted in Goodyear Tire & Rubber Co. v. Dow Deutschland GmbH & Co., No. 08-1118, 2009 U.S. Dist. LEXIS 100435 (N.D. Ohio Oct. 28, 2009), in which the court permitted discovery of portions of a settlement agreement related to a cooperation agreement between the plaintiff and a settling defendant. The court reasoned that the cooperation agreement related to that defendant's credibility and bias. Id. at *8-9.

Warren Pumps contends that it seeks the settlement information to test the credibility of Plaintiff's claims. However, this seems to merely repackage the motives forbidden by Rule 408 by placing them under the guise of credibility. Warren Pumps admits it seeks the information to determine whether the dismissed codefendants were dismissed for lack of evidence or on the basis of a settlement. In the case of the former,

Warren Pumps wants to impugn the credibility of Plaintiff's claims against Warren Pumps by virtue of his meritless claims against the dismissed codefendants. See Def.'s Br. at 3. Thus, Warren Pumps seeks the information to prove the invalidity of the claims against it, a use which Rule 408 prohibits. Similarly, Warren Pumps admits it seeks the settlement information to determine the amounts of those settlements. "[I]f Mr. Dent settled with a codefendant more or less equal to Warren for a certain sum of money, and thus established the value of his damages in regard to that codefendant, it would not be credible for him to seek a sum many times higher from Warren." Def.'s Br. at 3. Thus, Warren Pumps seeks the settlement information to establish the amount of Plaintiff's claim against Warren Pumps. Again, this is forbidden by Rule 408.

As previously mentioned, Warren argues that the settlement information is relevant because "the discovery of each additional asbestos-containing product which Mr. Dent claims caused his mesothelioma makes it that much less likely that his mesothelioma was caused by exposure to any Warren pump, and makes Plaintiff's assertions to the contrary less and less credible." Def.'s Br. at 3. This is the essence of the evil that Rule 408 seeks to prevent.

Warren Pumps' arguments are similar to those presented by a defendant in another asbestos case currently in this district. In Dutton v. Todd Shipyards, Corp., No. 09-62916, 2009 U.S. Dist. LEXIS 107936 (E.D. Pa. Nov. 17, 2009), my colleague, the

Honorable Thomas Rueter rejected an argument that settlement documentation would be used to impeach Plaintiff.

> [T]he court finds that defendant has not made a sufficient showing of how production of the settlement agreements will lead to admissible evidence. The court rrejects the claim that defendant needs the agreements to 'impeach' plaintiff. Defendant already knows that plaintiff filed claims against other asbestos manufacturers in state courts. Defendant has access to all state court pleadings. Defendant may impeach plaintiff with his state court filings to suggest that his exposure to asbestos occurred at times and places having nothing to do with defendant's conduct. While disclosure of the settlement agreements will reveal the amount of money plaintiff received from other asbestos manufacturers, the settlement amounts cannot be used to prove the extent of plaintiff's exposure to asbestos from another manufacturer's product.

Id. at *3.

For the foregoing reasons, I will deny Warren Pumps' motion to compel with respect to Warren's request for settlement information. (Interrogatories 116 and 117, and Request for Production 41). Based on the representation of Plaintiff's counsel that they have resolved the other issues presented in Warren Pumps' Motion to Compel, I will dismiss the remainder of the motion as moot. An appropriate Order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| REGINALD DENT | : | CONSOLIDATED |
| | : | MDL 875 |
| v. | : | |
| | : | EDPA CIVIL ACTION |
| WESTINGHOUSE, et al. | : | NO: 08-83111 |

**<u>O R D E R</u>**

AND NOW, this 4th day of January, 2010, upon consideration of Warren Pumps' Motion to Compel, the response, thereto, and for the reasons stated in the accompanying Memorandum, IT IS HEREBY ORDERED that the Motion is DENIED in part and DISMISSED as moot in part. To the extent Warren Pumps seeks settlement information, the motion is DENIED. The remainder of the Motion is DISMISSED as moot based on Plaintiff's representation that counsel have resolved the other issues raised in the Motion.

BY THE COURT:

/S/ELIZABETH T. HEY

ELIZABETH T. HEY
UNITED STATES MAGISTRATE JUDGE